# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALAHUDDIN F. SMART,<br><br>    Plaintiff,<br><br>  v.<br><br>GLOBAL TELECOMMUNICATIONS, INC., et al.,<br><br>    Defendants. | Civil Action Nos.<br>18-17684 (RBK) (JS)<br>18-14849 (RBK) (KMW)<br>18-14844 (RBK) (JS)<br><br>**OPINION** |
| SALAHUDDIN F. SMART,<br><br>    Plaintiff,<br><br>  v.<br><br>RESORTS CASINO & HOTEL, et al.,<br><br>    Defendants. | |
| SALAHUDDIN F. SMART,<br><br>    Plaintiff,<br><br>  v.<br><br>TROPICANA CASINO AND HOTEL, et al.,<br><br>    Defendants. | |

Plaintiff Salahuddin F. Smart is presently confined at the Camden County Department of Corrections Facility, in Camden, New Jersey. He seeks to bring the following civil actions, case numbers 18-17684, 18-14849, and 18-14844 *in forma pauperis*,[1] without prepayment of fees or

---

[1] The Court previously denied Plaintiff's *in forma pauperis* applications in civil action numbers 18-14849 and 18-14844 for his failure to submit a certified inmate trust account statement under 28 U.S.C. § 1915(a)(2). The Court will construe Plaintiff's submissions, which allege that he

security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

---

cannot secure the certified statements (Case No. 18-14849, ECF No. 5; Case No. 18-14844, ECF No. 5) as renewed requests to proceed *in forma pauperis*.

Plaintiff may not have known when he submitted his complaints that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In each of these actions, Plaintiff has submitted an application to proceed *in forma pauperis* but has failed to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his respective complaints. 28 U.S.C. § 1915(a)(2). In civil actions 18-14849 and 18-14844, Plaintiff contends or implies that jail officials refused to provide him with a certified account statement.

Typically, at this time, the Court would give Plaintiff an opportunity to submit complete applications to proceed *in forma pauperis*, or set forth in an affidavit the dates, times, and circumstances, in which officials refused to provide him with a certified trust account statement. *Ross v. Mercer Cty. Correction Ctr.*, No. 08-5763, 2009 WL 559798, at *1 (D.N.J. Mar. 3, 2009). For the reasons that follow, however, the Court will not give Plaintiff the opportunity to submit another application to proceed *in forma pauperis* in any of these cases.

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, under the statute, if a prisoner has three or more dismissals under 28 U.S.C. §

3

1915(e), he cannot proceed unless he is in imminent danger of serious physical injury at the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)).

As discussed in one of this Court's Opinions in another of Plaintiff's cases, Plaintiff has filed, and the Court has dismissed,[2] at least three earlier actions in this District as frivolous or for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *Smart v. Queen Anne's Cty.*, No. 18-17434, 2019 WL 140011, at *2 (D.N.J. Jan. 8, 2019)(citing *Smart v. Admin. Office of the Courts*, No. 14-4303, 2016 WL 632230, at *8 (D.N.J. Feb. 17, 2016) ("Plaintiff's Amended Complaint is dismissed with prejudice in its entirety for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)."), *aff'd sub nom.*, 672 F. App'x 182 (3d Cir. 2017); *Smart v. McLivaine*, No. 14-4375, 2014 WL 6386768, at *2 (D.N.J. Nov. 14, 2014)("[T]he complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted."); *Smart v. Aramark Inc.*, No. 14-3007, 2014 WL 2215972, at *3 (D.N.J. May 29, 2014) ("Plaintiff's complaint will be dismissed with prejudice, and this dismissal will be a "strike" under the "three-strikes" rule."), *aff'd*, 618 F. App'x 728, 728 (3d Cir. 2015)).

Accordingly, Plaintiff is a litigant with three strikes under § 1915(g). Thus, § 1915(g) precludes him from proceeding *in forma pauperis* in these three cases currently before the Court, unless he alleges facts to show that he is in imminent danger of serious physical injury.

---

[2] Petitioner was released prior to the Court's dismissal in two of these actions. For the purposes of § 1915(g), however, the relevant inquiry is whether a person "brought an action or appeal" "while incarcerated or detained in any facility." 28 U.S.C. § 1915(g); *see Hamilton v. Chisolm*, No. 412-188, 2012 WL 4739953, at *1 (S.D. Ga. Oct. 3, 2012), *report and recommendation adopted*, 2012 WL 4903378 (S.D. Ga. Oct. 16, 2012); *cf. Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 149 n.8 (3d Cir. 2017); *Harris v. City of New York*, 607 F.3d 18, 21–22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

The three complaints before the Court do not allege that Plaintiff is in imminent danger of serious physical injury. First, in *Smart v. Global Telecommunications, Inc.*, Civil Action No. 18-17684, Plaintiff alleges that Defendants interfered with his ability to represent himself by limiting and monitoring his phone calls, and for illegally seizing $10.00 from his account through hidden fees.

In *Smart v. Resorts Casino & Hotel*, Civil Action No. 18-14849, Plaintiff alleges that security or police officers, at the behest of Defendant Resorts Casino, illegally seized Plaintiff when they advised him that he was evicted from the casino for intoxication. Plaintiff also alleges that Resorts Casino coerced and retaliated against him by continuing to ban him from the premises unless he signed a waiver of suit. Finally, in *Smart v. Tropicana Casino and Hotel*, Civil Action No. 18-14844, Plaintiff alleges that Defendant Tropicana Casino and Hotel and its security officers harassed, seized, and evicted Plaintiff, after Plaintiff had a "personal conversation" with a female security staff member.

Consequently, because the complaints in these matters do not contain allegations suggesting that Plaintiff is in imminent danger of serious physical injury, he is not excused from the § 1915(g) restrictions. Thus, the Court will not permit Plaintiff to proceed *in forma pauperis* and direct the Clerk to administratively terminate these cases.

Plaintiff shall have an opportunity reopen these actions by paying the $400.00 filing fee in each case, within thirty days.

Dated: February  7th,  2019

                                               s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge